IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                          :   BANKRUPTCY NO. 17-11141(AMC)
OUMOU STATON                    :
aka OUMOU THOMAS                :
    Debtor                      :   CHAPTER 13

### STIPULATION RESOLVING ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Motion for Relief from the Automatic Stay by Lavin, O'Neil, Cedrone & DiSipio, attorneys for Ally Financial Inc. ("Ally") and Brad J. Sadek, Esquire attorney for Debtor, Oumou Staton, having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally, by and through their counsel, and state as follows:

(a)  Oumou Thomas (the "Debtor") financed the purchase of a 2013 Volkswagen Passat, VIN: 1VWBP7A32DC106439 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated June 14, 2014 (the "Contract) which has been assigned to Ally.

(b)  Pursuant to the Contract, Ally maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c)  The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally's interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally and the Debtor STIPULATE AND AGREE as follows:

1.  The Debtor is $1,663.98 in post-petition arrears through and including the October 29, 2017 due payment. The Debtor acknowledges his account is in post-petition arrears in the amount of $1,663.98 through and including the October 29, 2017 due payment.

2. The Debtor shall cure the arrears in the amount of $1,663.98 over six (6) months by paying an additional payment of $277.33 along with the regular monthly payment in the amount of $418.22 for a total of $695.55 beginning with the November 29, 2017 due payment and continuing through and including the April 29, 2018 due payment. Said payments shall be made payable to Ally Financial Inc. in certified funds or money order. Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

3. The Debtor shall make the November 29, 2017 contract payment and cure payment and all future contract payments on time. Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

4. Ally is awarded counsel fees and costs in the amount of $500.00 to cover the costs of filing the motion. Counsel fees shall be paid through the Chapter 13 Plan and the Trustee shall pay them directly to Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

5. Claimant shall file an amended Proof of Claim including the attorney fees as stated above. Thereafter, Debtor shall amend his plan to include this amount.

6. All payments shall be made payable to Ally and include Debtor's account number.

7. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally under the Contract are paid in full.

8. Debtor shall resume making regular payments in the amount of $418.22 commencing with the payment due May 29, 2018.

9. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within ten (10) days of due date, Ally may be granted relief from the automatic stay with respect to the Vehicle upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally's ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally's ability to pursue its rights pursuant to the Contract.

10. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

11. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

3

12. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 10/27/17

BRAD J. SADEK, ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:

DATED: 10/27/17

REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 10-27-17

WILLIAM C. MILLER
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: **November 3, 2017**

ASHELY M. CHAN
United States Bankruptcy Judge

4